UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHONTA JACKSON, O/B/O
HER MINOR DAUGHER, A.R.

CIVIL ACTION

VERSUS

NO. 17-438-JWD-EWD

CITY OF BATON ROUGE, ET AL.

**RULING AND ORDER ON MOTIONS TO STAY DISCOVERY**

Before the court is a Motion to Stay Discovery[1] filed by defendants, Sheriff Sid J. Gautreaux, III, in his individual and official capacity as Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux") and AIX Group, d/b/a/ NOVA Casualty Company ("NOVA") (collectively as the "EBRSO Defendants"). The Motion to Stay Discovery is opposed by Plaintiff,[2] and the EBRSO Defendants have filed a Reply.[3] For the reasons set forth herein, the Motion to Stay Discovery[4] is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that discovery in this matter, with the exception of written discovery between Plaintiff and the non-moving defendants (*i.e.*, parties other than EBRSO Defendants), is STAYED pending resolution of the issues raised in the Motion to Dismiss.[5]

**I.    Background**

This suit arises out of the July 5, 2016 shooting of Alton Sterling and the subsequent protests that occurred in Baton Rouge, Louisiana on July 8-10, 2016. Plaintiff, Shonta Jackson, on behalf of her minor daughter, A.R. ("Plaintiff"), alleges that during a peaceful protest on July

---

[1] R. Doc. 35.

[2] R. Doc. 45.

[3] R. Doc. 52.

[4] R. Doc. 35.

[5] R. Doc. 34.

1

9, 2016, AR was arrested "on the false grounds that she was 'Disturbing the Peace by Tumultuous Manner' or 'Disturbing the Peace Tumultuous Acts....'"[6] Plaintiff asserts that A.R. was detained by law enforcement officers, brought to the Fourth District Precinct, and later released to her mother's custody.[7] Plaintiff asserts claims of civil conspiracy to violate A.R.'s civil rights pursuant to 42 U.S.C. § 1983[8] and 42 U.S.C. § 1985;[9] claims pursuant to 42 U.S.C. § 1983 for false detention and arrest,[10] use of excessive force,[11] violation of First Amendment rights,[12] retaliatory arrest,[13] and failure to intervene.[14] Plaintiff asserts an as-applied first amendment challenge with respect to La. R.S. § 14:103(A)(4).[15] Plaintiff also brings a *Monell* claim against certain defendants based on the alleged development and maintenance of "policies, practices, procedures, customs, and usages...which caused the violation of A.R.'s rights..."[16] and supplemental state law claims for civil conspiracy,[17] violations of the protections of the Louisiana Constitution,[18] tort,[19] and abuse of rights.[20]

---

[6] R. Doc. 1, ¶ 4.

[7] R. Doc. 1, ¶¶ 5 & 11.

[8] R. Doc. 1, ¶¶ 125-132.

[9] R. Doc. 1, ¶¶ 133-138.

[10] R. Doc. 1, ¶¶ 139-141.

[11] R. Doc. 1, ¶¶ 142-144.

[12] R. Doc. 1, ¶¶ 145-149.

[13] R. Doc. 1, ¶¶ 150-156.

[14] R. Doc. 1, ¶¶ 157-159. *See also*, R. Doc. 1, ¶¶ 165-167.

[15] R. Doc. 1, ¶¶ 160-164.

[16] R. Doc. 1, ¶¶ 168-174.

[17] R. Doc. 1, ¶¶ 175-182.

[18] R. Doc. 1, ¶¶ 183-186 (free expression), ¶¶ 187-190 (privacy, right to be left alone, rights of the accused).

[19] R. Doc. 1, ¶¶ 191-194 (intentional infliction of emotional distress, assault, false imprisonment), ¶¶ 202-206 (negligent injury).

[20] R. Doc. 1, ¶¶ 195-201.

Plaintiff names (1) the City of Baton Rouge and East Baton Rouge Parish (referred to by Plaintiff as the "City/Parish"); (2) Melvin "Kip" Holden, former Mayor-President of the City/Parish, in his individual and official capacities; (3) Sheriff Gautreaux; (4) Carl Dabadie Jr., the Chief of the Baton Rouge Police Department ("BRPD"), in his individual and official capacities; (5) Col. Michael Edmonson, the former Superintendent of the Louisiana State Police ("LSP"), in his individual capacity only; (6) NOVA; and (7) certain individual BRPD officers.[21]

On January 24, 2018, the EBRSO Defendants filed a Motion to Dismiss[22] and asserted that Sheriff Gautreaux is entitled to qualified immunity.[23] Plaintiff filed an opposition to the Motion to Dismiss,[24] and the Motion to Dismiss is pending. Per the Motion to Stay Discovery, the EBRSO Defendants ask this court to "stay all discovery while Defendants' Motion to Dismiss is pending."[25]

---

[21] R. Doc. 1, ¶¶ 21-32 (naming Aaron W. Spelyng, Jeremy Schiro, John Hart, Bryan Thompson, Joshua Ellis, Christopher McClure, Evelyn Dunn, Jacob Butler, Robert Devore, Michael McCleary, Jeffery Williams, Richard Arnett, Paul Brown, David Burtwell, James Crisler, Myron Daniels, Shawn Delaney, Brett Delcambre, Kyle Keller, Dustin McGinnis, Thomas Morse Jr., Robert J. Moruzzi, Brian O. Norris, Adam K. Rhodes, Charles E. Robinson, Jeremy Stanley, Christopher Taylor, Jerry Walker, and John Windham). Plaintiff also names a number of unknown individual officer and/or deputy defendants.

[22] R. Doc. 34.

[23] R. Doc. 34-1, pp. 6-9.

[24] R. Doc. 47. In opposition to the Motion to Dismiss, Plaintiff asserts that the "EBRSO Defendants construct a convenient escape route in which arresting and supporting officers actively maintained their anonymity throughout the arrest process, then demand dismissal of claims challenging those arrests because A.R.—without the benefit of discovery—has no means of identifying the particular officers who harmed her." R. Doc. 47, p. 2. Plaintiff further asserts that "[n]otwithstanding the obstacles imposed by Gautreaux's and his deputies' deliberately secretive methods in breaking up the protests, A.R. pleaded, in a detailed manner, the factual basis for the claims of the Complaint, which survives review under Federal Rule of Civil Procedure 12(b)(6)." R. Doc. 47, p. 4. Although Plaintiff cites *Khansari* and *Hinojosa* (both discussed below) in opposition to the Motion to Dismiss, and asserts therein that "the Fifth Circuit and other federal courts affirmed the practice of limited discovery specifically targeted at identifying the specific defendants who took the actions complained of in plaintiff's complaints," R. Doc. 47, p. 16, the thrust of Plaintiff's opposition to the Motion to Dismiss is that the claims are adequately alleged in the Complaint. *See also*, R. Doc. 47, p. 38 ("To the degree that A.R. cannot at this time know precisely which of these defendants conducted which action as a result of their deliberate concealment of their identities, limited discovery is appropriate. But A.R.'s claims should not be dismissed solely for this reason, as discussed more fully in Plaintiff's Opposition to these Defendants' Motion to Stay Discovery.")

[25] R. Doc. 35, p. 1.

## II. Law and Analysis

### A. Stay as to the EBRSO Defendants

"Qualified immunity shields 'government officials performing discretionary functions' from civil liability for claims under federal law 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[26] "[Q]ualified immunity constitutes an 'immunity from suit' rather than a mere defense to liability."[27] The issue of qualified immunity should be resolved at the earliest possible stage of litigation because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[28]

The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad."[29] Significantly, "it is only when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' that an order allowing limited discovery is neither avoidable nor overly broad."[30] Although discovery on the issue of qualified immunity is possible, such discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[31] "If the complaint alleges facts to

---

[26] *Randle v. Lockwood*, 666 Fed. Appx. 333, 335 (5th Cir. 2016) (internal citations omitted).

[27] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)).

[28] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

[29] *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).

[30] *Wilson v. Sharp*, Civil Action No. 17-84, 2017 WL 4685002, at * 2 (M.D. La. Oct. 17, 2017) (citing *Lion Boulos*, 834 F.2d at 507-508).

[31] *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995). *See also*, *Baker v. Ephion*, Civil Action 15-838, 2017 WL 3996415, at *2 (M.D. La. Sept. 11, 2017) (staying discovery in light of defendant's asserted qualified immunity defense and explaining that "discovery on the issue of qualified immunity 'must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.") (citing *Wicks*); *Lee v. Ard*, Civil Action No. 17-23, 2017 WL 5349493, at * 7 (M.D. La. Nov.

overcome the defense of qualified immunity, the district court may then proceed under *Lion Boulos* to allow the discovery necessary to clarify those facts upon which the immunity defense turns."[32]

Accordingly, Fifth Circuit precedent permits discovery only *after* a determination has been made that the plaintiff has alleged facts sufficient to state a claim against the defendant. Even discovery limited to the issue of qualified immunity is only allowed if the court is unable to rule on the qualified immunity defense without additional facts and then only such discovery as is necessary to rule on the qualified immunity defense is permitted. Plaintiff acknowledges these general principles.[33]

In opposition to the Motion to Stay, Plaintiff asserts that "to the extent the Court does not consider the allegations of the Complaint sufficient to state a plausible claim against Sheriff

---

13, 2017) ("When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, 'it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness.' The plaintiff must support his claim with 'sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.' When greater detail is required to address the defense of qualified immunity, the Court may insist that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity. 'The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'") (internal citations and quotations omitted).

[32] *Id.* at 995. *See also*, *Backe*, 691 F.3d at 648 ("a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'") (citing *Lion Boulos*, 834 F.2d at 507-508); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) ("The district court failed to make an initial determination that the plaintiffs' allegations, if true, would defeat qualified immunity, falling short of the finding required by *Backe* and *Wicks*; and unlike the court in *Lion Boulos*, the district court did not identify any questions of fact it needed to resolve before it would be able to determine whether the defendants were entitled to qualified immunity."); *Randle*, 666 Fed. Appx. 336, n. 6 (noting that the "narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible" is only applicable where the district court first determines that "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity" and second finds that despite plaintiff's pleadings it is still unable to rule on the immunity defense without further clarification of the facts.)

[33] *See*, R. Doc. 45, p. 2 ("When a defendant asserts qualified immunity, the court must determine whether 'the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.' *If* the court concludes that the plaintiff has met her burden, the court may *then* 'allow the discovery necessary to clarify those facts upon which the immunity defense turns.") (emphasis added; internal citations omitted); p. 5 ("If, however, this Court believes Plaintiff should make more specific allegations, *Hinojosa* provides the means by which the Court would allow limited discovery to the Sheriff to determine more particular details about his role under the EOP during July 6-10, 2016, and in particular on the evening of July 9, 2016, when A.R. was detained.")

5

Gautreaux in his individual capacity, discovery regarding the specific actions taken by the Sheriff in his role in coordinating law enforcement agencies under the City/Parish Emergency Operations Plan (EOP) during the Baton Rouge protests will provide sufficient information to amend the Complaint."[34] Plaintiff further asserts that "discovery regarding the assignment of EBRSO deputies on July 9, 2016, will allow Plaintiff to identify the 'Deputy Roe' Defendants and make more specific allegations against them."[35] Plaintiff relies primarily on *Hinojosa v. Livingston*, 807 F.3d 657 (5th Cir. 2015), and *Khansari v. City of Houston*, Civil Action No. H-13-2722, 14 F.Supp.3d 842 (S.D. Tex. April 9, 2014), for her position that discovery should not be stayed. However, as discussed below, both cases support the conclusion that while limited discovery may be appropriate at some juncture in these proceedings, such discovery should not occur *until* the District Judge has determined whether the allegations in Plaintiff's Complaint are sufficient to defeat qualified immunity *and* determined that limited discovery is necessary to rule on the defense.

In *Khansari*, plaintiffs asserted that individual officer defendants were liable to them pursuant to 42 U.S.C. § 1983 for infringing plaintiffs' rights under the Fourth Amendment either by using excessive force or failing to prevent the use of excessive force.[36] There, plaintiffs alleged that certain individual officers had responded to Mrs. Khansari's 911 call regarding her son's possible suicide attempt by pointing long guns at the family and using a taser on her son despite

---

[34] R. Doc. 45, p. 2.

[35] R. Doc. 45, p. 2. *See also*, R. Doc. 45, p. 4 ("The facts of this case support the use of limited discovery prior to adjudication of the motion to dismiss."); p. 6 ("Plaintiff's Complaint alleges the responsibility of multiple 'Deputy Roe' Defendants who were dispatched to Rivercrest Avenue on the night of July 9, 2016 and who therefore participated in the unconstitutional arrest of A.R. Under *Hinojosa*, *Khansari* and the authorities cited in those cases, this Court should defer ruling on the motions to dismiss and permit the Plaintiffs to take limited discovery from the Defendants to determine the identity of these 'Deputy Roe' Defendants.").

[36] 14 F.Supp.3d at 851.

6

his compliance (resulting in one of the taser darts piercing her son's eye). Plaintiffs sued the officers who responded to the scene; however, plaintiffs did not know which particular officers took which particular actions. In considering defendants' motion to dismiss based on qualified immunity, the district judge *first* analyzed the actions of "the officers" and determined that the facts alleged were sufficient to overcome the defense of qualitied immunity for claims arising from force used against Mrs. Khansari's son.[37] *After* finding the facts alleged to be sufficient, the court *then* considered whether limited discovery should be allowed.[38] The court explained that the allegations in the complaint were "not only sufficient to satisfy the requirements for pleading a claim for the excessive use of force against the officers who tasered him but, if true, are also sufficient to overcome those officers' assertions of qualified immunity."[39] Having found the allegations to be sufficient to defeat the claim of qualified immunity, the court explained that "[a]bsent further clarification of the facts to show which, if any, officers…deployed their tasers against Corey, or which, if any, of the other officers had an opportunity to prevent, but chose not to prevent, the use of excessive force…the court is not able to rule on the defendant officers' assertions of qualified immunity…."[40] The court concluded that "since…plaintiffs' pleadings are adequate to at least potentially state a claim, discovery may proceed on the limited issue of which of the individual officers tasered Corey and whether those officers are entitled to qualified immunity."[41]

---

[37] *Id*. at 857-860.

[38] *Id*. at 860-864.

[39] *Id*. at 860.

[40] *Id*. at 861.

[41] *Id*.

7

Similarly, in *Hinojosa*, the Fifth Circuit affirmed the district court's order allowing limited discovery regarding the issue of qualified immunity *after* the court determined that the complaint alleged facts that "if true, would permit the inference that Defendants are liable under § 1983 for an Eighth Amendment violation and would overcome their qualified immunity defense."[42] In affirming the district court's order allowing limited discovery, the *Hinojosa* court explained that:

> [T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense. First, the district court must determine that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. When reviewing a complaint that meets this standard, the district court may defer its qualified immunity ruling and order limited discovery if "the court remains 'unable to rule on the immunity defense without further clarification of the facts.'"[43]

Here, unlike the situation in *Khansari* and *Hinojosa*, the District Judge has not yet determined the sufficiency of the allegations of Plaintiff's complaint. Until that necessary first step occurs, it is premature to consider allowing even limited discovery.[44] Accordingly, Fifth Circuit precedent,

---

[42] 807 F.3d at 664.

[43] *Id*. at 664.

[44] *See*, *Hinojosa*, 807 F.3d at 670 ("Having determined that the complaint's factual allegations, if true, would establish Defendants' liability for an Eighth Amendment violation and overcome a qualified immunity defense, we next ask whether further clarification of the facts was necessary for the district court to rule on the qualified immunity defense."). Plaintiff also relies on various cases outside this Circuit in Opposition to the Motions to Stay Discovery. These cases do not support Plaintiff's position that discovery should be allowed to proceed at this juncture. *See*, *Dubner v. City and County of San Francisco*, 266 F.3d 959 (9th Cir. 2001) (remanding following bench trial where plaintiff alleged that unidentified officers arrested her without probable cause); *Saunders v. Duke*, 766 F.3d 1262, 1268, n. 2 (11th Cir. 2014) (noting that where plaintiff was unsure of the identity of the officer who allegedly committed the Fourth Amendment violation, and "[b]ecause we conclude that Mr. Saunders sufficiently alleged that one of the three agents struck him in violation of his Fourth Amendment rights, and that all three agents were present at the time, Mr. Saunders can plead in the alternative and pursue discovery to uncover the identity of the agent who allegedly struck him."); *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (entering summary judgment in favor of defendants and noting in *dicta* that "[h]ad Colbert faced a motion to dismiss, where district courts take all well-pleaded allegations as true, his theory of the case that the four named officers were responsible for the alleged damage may have been sufficient.").

including that relied upon by Plaintiff, supports the issuance of a stay as to the EBRSO Defendants pending either resolution of the Motion to Dismiss or a determination by the District Judge that the Motion to Dismiss cannot be ruled upon absent limited discovery.[45]

### B. Stay as to Other Defendants

Plaintiff contends that discovery from the non-moving parties (*i.e.*, the parties other than the EBRSO Defendants) should not be stayed pending resolution of the Motions to Dismiss.[46] Plaintiff argues that "some defendants in this case are not entitled to qualified immunity under any circumstances" and that "[p]ermitting Plaintiffs to conduct discovery against [the] City-Parish as well as the many defendants who have not filed motions to dismiss or motions to stay discovery will allow Plaintiffs to continue to prosecute their case while the court weighs the significant issues inherent in the qualified immunity arguments raised by a comparatively small number of defendants."[47] In Reply, the EBRSO Defendants contend that while they "have no objection to the non-moving defendants and Plaintiff engaging in *written* discovery, [the EBRSO Defendants] object to the Plaintiff and non-moving defendants taking depositions in this case while [the EBRSO Defendants'] motion to dismiss is pending. [The EBRSO Defendants] would be compelled to participate in the depositions of the Plaintiff, non-moving defendants and/or fact

---

[45] As noted above, although the thrust of Plaintiff's opposition to the Motion to Dismiss is that the allegations set forth in the Complaint are sufficient, Plaintiff also cites *Hinojosa* and *Khansari* and contends that limited discovery may be warranted. *See*, R. Doc. 47, p. 44 ("A.R. has diligently attempted to determine the identities of the persons who violated A.R.'s civil and constitutional rights and has further diligently and conscientiously crafted the Complaint to encompass the multifaceted ways in which Defendants' conduct violated those rights. At this point in the case, discovery will disclose the actions each of the Defendants took in participating in the concerted action which resulted in the blatantly false arrests of A.R. and the myriad other violations of her rights which were so casually committed by the scores of Defendants sued in this case..").

[46] R. Doc. 45, pp. 6-8.

[47] R. Doc. 45, pp. 7-8.

witnesses if they are taken while their motion to dismiss asserting qualified immunity is pending, which would be contrary to the protections afforded public officials by qualified immunity."[48]

"[A] trial court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'"[49] The Supreme Court has explained that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"[50] "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."[51]

Here, although only the EBRSO Defendants have moved to stay discovery, the undersigned finds that staying discovery as to all parties in this suit would "further[] [the EBRSO Defendants'] interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense."[52]

---

[48] R. Doc. 52, pp. 5-6.

[49] *Wilson v. Sharp*, Civil Action No. 17-84, 2017 WL 4685002, at * 2 (M.D. La. Oct. 18, 2017) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)).

[50] *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236, (1991) (KENNEDY, J., concurring in judgment)).

[51] *Id*. at 685-686. *See also*, *Wilson*, 2017 WL 4685002, at * 2 (staying discovery against all defendants because "staying all discovery to permit resolution of the qualified immunity defense that has been asserted by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock furthers their interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense. For example, even if this Court were to limit the stay order to only discovery directed to Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock, those individuals might still feel compelled to participate in the discovery process related to others, such as depositions of other witnesses that may be scheduled prior to resolution of the qualified immunity issues.") (internal citation omitted).

[52] *Wilson*, 2017 WL 4685002, at * 2.

Especially in light of Plaintiff's allegations that all defendants participated in a civil conspiracy in violation of A.R.'s civil rights, the undersigned finds that the EBRSO Defendants would feel compelled to participate in discovery efforts, such as depositions of other witnesses, prior to resolution of the Motion to Dismiss. However, in light of the EBRSO Defendants' assertion that they do not object to the non-moving defendants and Plaintiff engaging in written discovery, the court will allow such written discovery to proceed.

### III. Conclusion

For the reasons set forth herein, the Motion to Stay Discovery filed by the EBRSO Defendants[53] is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that discovery in this matter, with the exception of written discovery between Plaintiff and the non-moving defendants (*i.e.*, parties other than EBRSO Defendants), is **STAYED** pending resolution of the issues raised in the Motion to Dismiss.[54]

Signed in Baton Rouge, Louisiana, on May 14, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[53] R. Doc. 35.

[54] R. Docs. 34.