# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

SHONTA JACKSON, on behalf of her
minor daughter A.R.

CIVIL ACTION

VERSUS

NO. 17-438-JWD-EWD

CITY OF BATON ROUGE, ET AL.

# ORDER

This matter comes before the Court on the *Motion to Dismiss* (Doc. 34) by Sheriff Gautreaux and Nova, the East Baton Rouge Sheriff's Office ("EBRSO") Defendants. Plaintiffs oppose the motion (Doc. 47), and EBRSO Defendants have filed a reply (Doc. 57). Oral argument was heard today. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For oral reasons to be assigned,

**IT IS ORDERED** that EBRSO Defendants' motion is **GRANTED IN PART**, **DENIED WITHOUT PREJUDICE IN PART**, and **DEFERRED IN PART.**

**IT IS FURTHER ORDERED** that the motion to dismiss the operative complaint for being an improper shotgun pleading is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims asserted against Sheriff Gautreaux in his individual capacity are **DISMISSED.** Plaintiffs have failed to adequately allege personal participation by Gautreaux in the underlying constitutional violations.

**IT IS FURTHER ORDERED** that, with respect to the claims against Sheriff Gautreaux in his official capacity, the motion is **GRANTED IN PART** and **DEFERRED IN PART.** The motion is **GRANTED** in that (a) Plaintiffs have failed to adequately plead a claim for a custom of unlawful arrest and excessive force, for lack of prior incidents in sufficient number and kind; (b)

Plaintiffs have failed to state a claim for failure to train, supervise, and implement a policy, as Plaintiffs have failed to adequately plead deliberate indifference through either a pattern of similar incidents or the narrow single incident exception; and (c) Plaintiffs have failed to state a claim for ratification liability, as this case does not present the type of extreme situation in which ratification liability attaches. The motion is **DEFERRED** in that, while Plaintiffs have adequately pled a single policy decision that may have been the moving force of constitutional violations and that was made with deliberate indifference, limited discovery is needed to determine if Plaintiffs can plead an underlying constitutional violation by an Individual EBRSO Deputy. Discovery will be limited to written discovery on the narrow issue of which Individual EBRSO Deputies (if any) were involved in the alleged constitutional violations. The Magistrate Judge will determine what limited discovery will be allowed for this issue.

**IT IS FURTHER ORDERED** that, with respect to the claims against Gautreaux for a conspiracy under § 1983 and § 1985(3), the motion is **DEFERRED**. While Plaintiffs have adequately alleged an agreement, the Court will defer ruling until limited discovery has been done as to any constitutional violation, as outlined above.

**IT IS FURTHER ORDERED** that, with respect to the state law claims, the motion is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. The motion is **GRANTED** in that all state law torts against Gautreaux are dismissed for lack of personal participation. The motion is **DENIED WITHOUT PREJUDICE**, pending the limited discovery outlined above, with respect to Plaintiffs' claims against Gautreaux for a civil conspiracy and for vicarious liability

**IT IS FURTHER ORDERED** that, to the same extent Plaintiffs' claims were dismissed against Gautreaux, Plaintiffs' claims against Nova are also dismissed.

**IT IS FURTHER ORDERED** that, to the extent the motion is granted, Plaintiffs are given leave to amend their complaint to cure the deficiencies. Plaintiffs must file their next amended complaint within thirty (30) days of the completion of the limited discovery set forth above.

Signed in Baton Rouge, Louisiana, on <u>September 6, 2018</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**