# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHONTA JACKSON, on behalf of her minor daughter A.R.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-438-JWD-EWD** |
| **CITY OF BATON ROUGE, ET AL.** | |

## ORDER

This matter is before the Court on the *Motion to Dismiss* (Doc. 92) filed by Defendants, Sid J. Gautreaux, III, in his individual and official capacity as Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux") and AIX GROUP, d/b/a NOVA CASUALTY COMPANY ("NOVA") (collectively, the "EBRSO Defendants"). Plaintiff "A.R." filed a response. (Doc. 98.) No reply was filed. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule.

In its *Order* (Doc. 67), the Court previously granted in part, denied without prejudice in part, and deferred in part the EBRSO Defendants' first *Motion to Dismiss* (Doc. 34). The Court dismissed Plaintiff's claims against Sheriff Gautreaux in his individual capacity and dismissed nearly all of the claims against Gautreaux in his official capacity. (*See* Doc. 67 at 1–2.) The Court also granted the motion as to all state law claims for lack of personal participation. (Doc. 67 at 2.) The Court deferred ruling on Plaintiff's official capacity claim in the following respect:

> while Plaintiffs have adequately pled a single policy decision that may have been the moving force of constitutional violations and that was made with deliberate indifference, limited discovery is needed to determine if Plaintiffs can plead an underlying constitutional violation by an Individual EBRSO Deputy. Discovery will be limited to written discovery on the narrow issue of which Individual EBRSO Deputies (if any) were involved in the alleged constitutional violations.

(Doc. 67 at 2.) The Court also deferred ruling on Plaintiff's conspiracy claims under § 1983 and § 1985(3) pending the limited discovery. (Doc. 67 at 2.) The Court denied without prejudice Plaintiff's state law claim for civil conspiracy and vicarious liability pending limited discovery. (Doc. 67 at 2.) Further, the Court granted the motion with respect to NOVA to the same extent it was granted to Sheriff Gautreaux. (Doc. 67 at 2.) Lastly, the Court gave Plaintiff leave to amend to cure any deficiencies. (Doc. 67 at 3.)

In Plaintiff's response to the instant motion, she represents that she engaged in the limited discovery against the EBRSO Defendants and, afterward, "determined that there were no additional facts garnered from discovery which she could allege with respect to the liability of the EBRSO Defendants." (Doc. 98 at 1–2.) Plaintiff states:

> Plaintiff respectfully disagrees with the Court's oral ruling and written order dismissing Plaintiff's Complaint for failure to state a cause of action against Sheriff Gautreaux in his individual and/or official capacities. However, given that the Court's ruling is law of the case, Plaintiff has no further or additional facts to plead to respond thereto.

(Doc. 98 at 2.)

Considering the Court's prior ruling and Plaintiff's concession, Plaintiff cannot state a viable claim against any Individual EBRSO Deputy. Consequently, all remaining claims against Sheriff Gautreaux and NOVA must be dismissed.

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss* (Doc. 92) filed by Defendants, Sid J. Gautreaux, III, in his individual and official capacity as Sheriff of East Baton Rouge Parish and AIX GROUP, d/b/a NOVA CASUALTY COMPANY is **GRANTED**, and all claims by Plaintiff A.R. against the EBRSO Defendants are **DISMISSED WITH PREJUDICE.**

Signed in Baton Rouge, Louisiana, on <u>July 30, 2020</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**